**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| JENNIFER ZUKLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:14-CV-347-JVB-JEM |
| | ) | |
| TOWN OF SHERERVILLE, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel [DE 57], filed on July 6, 2016. Plaintiff asks the Court to compel Defendants to provide certain documents in response to Plaintiff's discovery requests. On July 15, 2016, Defendants filed a response and moved for a protective order [DE 65], and on July 23, 2016, Plaintiff filed her reply [DE 68].

**I.    Background**

Plaintiff's Amended Complaint [DE 29] alleges multiple claims against the Town of Schererville, the Shererville Police Department chief and deputy chief, and two police commanders. Relevant here is Plaintiff's allegation that she was discriminated against because of her gender during her employment with the Police Department. Specifically, Plaintiff alleges that, in December 2013, her supervisors placed her on administrative leave after she made a comment about killing herself. Plaintiff contends that male officers in the Police Department have made similar comments and were not placed on administrative leave or declared unfit for duty.

On February 4, 2016, Plaintiff served Defendants with her Fourth Request for Production of Documents. Two of the requests in her Fourth Request for Production are at issue here. Plaintiff's Request 44 sought "[a]ll documents regarding 'return to work' or psychological examinations, conducted during or before employment as part of the application process, for Officers Djukic,

Myszak and Aravanitis." Plaintiff's Request 49 sought "[a]ll documents related to administrative leave, psychological evaluation and fitness for duty examination of Officer Myszak in January 2016." Defendants have refused to turn over the requested psychological evaluations. Plaintiff now moves the Court to compel production of those documents.

**II.     Analysis**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Plaintiff claims she was discriminated against on the basis of her gender, her theory being that Defendants treated her differently than male officers who had made similar "jokes" or comments about suicide in the past. To support her discrimination claim, Plaintiff seeks the pre-employment psychological evaluations of Djukic, Myszak, and Aravanitis, who are all men. Plaintiff alleges these officers also made on-the-job comments about suicide but have never been placed on administrative leave or declared unfit for duty based on those comments.

Plaintiff wishes to compare the officers' backgrounds to her own. Plaintiff's pre-employment background check revealed that she had tried to kill herself in 1989. As a result, Plaintiff's supervisors were aware of the prior suicide attempt at the time they placed her on administrative leave for making comments about suicide. At least two of these supervisors have testified that the

2

previous suicide attempt factored into their decision to place Plaintiff on leave.

If one of the officers who made suicide-related comments also had a history of suicide attempts like Plaintiff but was not placed on administrative leave, Plaintiff will argue that she was treated differently than the male officers. Put simply, Plaintiff hopes to use Djukic, Myszak, and Aravanitis to demonstrate that her supervisors based their decision to place her on leave on a pretextual rather than a legitimate basis.

    A.    <u>Waiver</u>

Before reaching the substantive merits of Plaintiff's Motion, the Court must consider Plaintiff's assertion that Defendants waived any of the objections before the Court because Defendants failed to timely produce a privilege log. Plaintiff's Fourth Request for Production of Documents was served on February 4, 2016. The Fourth Request for Production included an interrogatory asking that Defendants identify any documents not produced in response to the Fourth Request for Production based on an objection.

Defendants responded to the Fourth Request for Production on March 11, 2016. Defendants did not object to the requests at issue before the Court, and in response to the related interrogatory they explicitly stated that they were not withholding any documents based on an objection. But Defendants did not turn over all the reports Plaintiff asked for in Requests 44 and 49, namely the psychological reports for the male officers.

By May 13, 2016, in response to an email from Plaintiff's counsel's asking about the missing reports, Defendants' counsel—for the first time—objected to the requested production on relevance and "medical confidentiality" grounds. Defendants sent a supplemental response on June 6, 2016, reiterating their objection on relevance grounds as to Officer Aravanitis. Finally, on June 21, 2016,

Defendants' counsel sent Plaintiff's counsel a letter detailing their relevance and privilege objections.

Defendants have not provided any convincing justification for their delay in identifying their objection to Plaintiff's requests for production. They argue that their May 13 email to Plaintiff's counsel was a timely objection, because until that point they were unaware that Plaintiff was "seeking to discover the other officers' pre-employment psychological evaluations." But Plaintiff's Request 44 explicitly asked for "all documents regarding . . . psychological examinations, *conducted during or before employment* as part of the application process, for Officers Djukic, Myszak and Aravanitis." (emphasis added).

Defendants concede their May 13, 2016, email to Plaintiff's counsel—sent over two months after Defendants responded to the Fourth Request to Production—was the first time they objected to turning over the pre-employment psychological evaluations. So, the question is whether this delay constitutes a waiver preventing Defendants from now asserting their privilege and relevance objections.

Federal Rule of Civil Procedure 26(b)(5) provides, "When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . (i) expressly make the claim; and (ii) describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the claim." However, courts are reluctant to order disclosure of privileged documents as a sanction for failure to provide a proper privilege log. *Sann v. Mastrian*, No. 1:08-CV-1182, 2010 WL 4923900, at *1 (S.D. Ind. Nov. 29, 2010). And the Seventh Circuit has said that parties should not be sanctioned with a blanket waiver without a showing of bad faith. *Am. Nat. Bank and Trust Co. of Chi. v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 879.

Here, Defendants delayed in objecting to Plaintiff's requests for over two months, and they haven't provided the Court with a good reason for that delay. However, there is no evidence before the Court that Defendants acted in bad faith. Given that lack of bad faith and the reluctance of courts to force disclosure of potentially privileged documents, the Court does not find that Defendants have waived their privilege and relevance arguments.

B. Relevance

As mentioned above, Defendants object to Plaintiff's requests for pre-employment psychological evaluations on the ground that they are irrelevant to Plaintiff's claims. In the context of discovery, relevance is construed broadly and includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Here, Defendants create an artificial distinction. They argue that Plaintiff's suicide attempt was revealed during her *background investigation* rather than during her *psychological evaluation*, and thus the male officers' psychological evaluations are irrelevant. But in this case, the location of the information sought does not affect its relevance. Plaintiff wants to know if, like her, these officers had a documented history of suicide attempts and whether their supervisors were aware of that history. The existence—rather than the location—of documented suicide attempts would assist Plaintiff in establishing that she was treated differently than male officers.

Defendants represent that no supervisor has testified to knowing about any history of suicide for Djukic, Myszak, and Aravanitis. But the supervisors' testimony does not dictate the scope of permissible discovery. To the contrary, if the reports contain evidence that one of these male officers

5

has a history of suicide attempts, yet that officer's supervisors claimed ignorance of that information, Plaintiff might use the report to discredit their testimony. Accordingly, the requested discovery is "relevant to [Plaintiff's] claim" and within the broad scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

    C.    <u>Privilege</u>

Defendants also argue that the pre-employment psychological reports fall under the "physician-patient privilege" and that turning the reports over would violate the privacy interests of Djukic, Myszak, and Aravanitis.

Federal common law determines the scope of privileges available in cases involving a question of federal law. Fed. R. Evid. 501. While federal courts do not recognize a general physician-patient privilege, *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir. 1995), federal common law does recognize the psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) ("[W]e hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."). The *Jaffee* Court's holding was limited to "confidential communications." *Jaffee*, 518 U.S. at 15; *Tesser v. Board of Educ.*, 154 F. Supp. 2d 388, 392 (E.D.N.Y. 2001) ("Thus, because only confidential communications made to psychotherapists may be privileged, this Court must first determine whether the communications at issue are confidential.").

Nothing suggests that the psychotherapists who examined the officers were not qualified, so the psychotherapist-patient privilege could apply here. However, Plaintiff argues that the

6

evaluations do not qualify under the privilege because they were not "conducted for the purposes of diagnosis or treatment." Instead, Plaintiff contends, the pre-employment evaluations were conducted as part of the application process and the evaluations were shared with the Police Department, which means they are not "confidential" to warrant protection under the psychotherapist-patient privilege.

To assert that the pre-employment psychological evaluations fall within the psychotherapist-patient privilege, Defendants cite *Carver v. City of Trenton*, 192 F.R.D. 154 (D.N.J. 2000). In *Carver*, a group of police officers alleged that the police department they worked for discriminated against them on the basis of race. 192 F.R.D. at 155. During discovery, the plaintiffs sought psychological evaluations of non-party police officers "to contrast the treatment of other officers who were referred for fitness[-for-duty] exams." *Id.* at 156.

The *Carver* court found that the psychological reports were protected by the psychotherapist-patient privilege. *Id.* at 162. As Defendants highlight, the court made that finding because "the psychological reports of the officers [were] kept completely confidential" and that the examining psychologist did "not disclose any confidential information but merely [gave] a 'Pass' or 'Fail' recommendation of fitness for duty to the police department." *Id.* at 162.

But *Carver* does not support Defendants' position. By all appearances the statements made by Djukic, Myszak, and Aravanitis did not carry a similar expectation of privacy. Defendants have not argued that the Police Department received only a "Pass" or "Fail" recommendation from the psychological examiners, and they do not assert that the examiners kept any confidential information from the Police Department. Instead, Defendants acknowledge that the Police Department received and maintained their own records of the pre-employment psychological examinations.

7

Rather, this case is similar to *Scott v. Edinburg*, 101 F. Supp. 2d 1017 (N.D. Ill. 2000). There, the court held that a police officer's psychological evaluations, which were conducted after the officer was involved in a shooting, were not privileged. The court noted that the officer was "fully aware that what he said would not be confidential, and would be shared with others," and as a the court result found that the party asserting the psychotherapist-patient privilege had "failed to establish the expectation of confidentiality that is the prerequisite for the existence of the psychotherapist-patient privilege." *Scott*, 101 F. Supp. 2d at 1020 (citation omitted).

Here, Defendants have not provided any information showing that the officers expected the contents of the evaluations to remain private. Indeed, the facts suggest otherwise, as the evaluations were part of the officers' pre-employment screening and the Police Department received and kept copies of the evaluations. *See Tesser*, 154 F. Supp. 2d at 392 ("[C]ourts have ordinarily addressed [the] issue [of confidentiality] in the context of consultations made in the course of employment and have held that communications with a psychotherapist during consultations required as a condition of employment are not privileged because there is no expectation of privacy.") (collecting cases). Accordingly, Defendants have failed to meet their burden to show that the psychological reports fall within the psychotherapist-patient privilege. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008) ("The burden rests upon the objecting party to show why a particular discovery request is improper.") (quotations and citations omitted).

Accordingly, the Court **GRANTS** the Motion to Compel [DE 57] and **ORDERS** Defendants to produce the sought after documents by **December 16, 2016**.

Defendants also moved for a protective order under Federal Rule of Civil Procedure 26(c). However, Federal Rule of Civil Procedure 37(a)(5)(B) states, "If the motion [to compel] is denied,

the court may issue any protective order authorized under 26(c)." Because the Court is granting Plaintiff's motion to compel, the Court **DENIES** Defendants' request contained in their Response to Plaintiff's Motion to Compel and Cross-Motion for Protective Order [DE 65].

The Court also notes that a Protective Order [DE 50] is already in place covering the psychological evaluations. Under the current Protective Order, Defendants may designate the psychological evaluations as "Protected Information." The terms of the Protective Order explicitly forbid Plaintiff from sharing that information with anyone other than "Qualified Persons," the definition of which includes the parties and counsel. In addition to the Protective Order already in place, the parties are free to agree to use pseudonyms for the officers to provide additional protections, if they so choose. However, for the reasons discussed above, the Court will not order substantive redactions of the reports.

The Court finds that Defendants' position, though incorrect, was "substantially justified" under Federal Rule of Civil Procedure 37(a)(5)(A)(ii), and will not order Defendants or their attorney to pay Plaintiff's "reasonable expenses incurred in making the" Motion to Compel. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff complains of other areas in discovery where she feels Defendants have violated the Rules of Civil Procedure or the Northern District of Indiana. But because Plaintiff has not moved to compel discovery beyond the psychological evaluations, the Court does not address those arguments.

SO ORDERED this 30th day of November, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record