**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JENNIFER ZUKLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:14-CV-347-JVB-JEM |
| | ) | |
| TOWN OF SHERERVILLE, *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Quash Nonparty Request for Production and Subpoena Duces Tecum [DE 87], filed by Defendants on May 3, 2017. Defendants request that the Court quash a "Request for Production of Documents to a Non-Party" issued by Plaintiff to Dr. Douglas W. Caruana, who provided psychological evaluations to Defendant Schererville Police Department concerning Plaintiff's mental health while she was employed by the Police Department.

**I.   Background**

Relevant to the instant Motion, Plaintiff alleges that in December 2013 her supervisors in the Schererville Police Department placed her on administrative leave after she made comments about suicide, but that male officers who made similar comments were not placed on administrative leave or declared unfit for duty. Plaintiff's supervisors required her to meet with a psychologist, Dr. Caruana, before she could return to work. Other Schererville officers, including Officer Jeff Myszak, Officer Matthew Djukic, and Corporal Timothy Aravanitis, were also referred to Dr. Caruana during their employment. Plaintiff hopes to use these male officers as comparators to prove that the Police Department discriminated against her because of her sex.

On November 30, 2016, the Court granted Plaintiff's Motion to Compel, ordering Defendants to turn over documents concerning administrative leave, psychological evaluations, and fitness for duty examinations for Djukic, Myszak, and Aravanitis. The subject of that Order was limited to Plaintiff's

February 2016 request for production of documents sent to Defendants.

On March 1, 2017, Defendants disclosed Dr. Caruana, who is not a party to this case, as a witness, stating that "Dr. Caruana is expected to testify regarding his discussions with Schererville Police Department on December 5, 2013, regarding Plaintiff and the explanation behind the advice provided in those discussions and his consultation with Plaintiff." Long before that, on May 13, 2016, Plaintiff's counsel served a request for production of documents on Dr. Caruana. Because Plaintiff did not receive responses to the requests, she resent them to Dr. Caruana on April 19, 2017. Defendants now move to quash the requests.

## II. Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . or . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

## III. Analysis

### A. Nonparty Requests for Production of Documents

Although the parties do not address the issue, it appears that Plaintiff's "Request for Production of Documents to a Non-Party" was not issued in accordance with the Federal Rules of Civil Procedure. The first line of the document requests that Dr. Caruana "produce to Plaintiff's attorney, pursuant to Rule 34 of the Federal Rules of Civil Procedure" various documents in his possession. The discovery request also says that it and "the attached Subpoena Duces Tecum are issued pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure 34, by its own

2

terms, authorizes a party to request documents only from another *party*. Dr. Caruana is not a party to this lawsuit, and thus Plaintiff cannot request any documents from him under Rule 34. *See* Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 34(c) (stating that Rule 45 governs nonparty requests for documents).

The parties did not provide a copy of the Subpoena Duces Tecum to the Court, so the Court cannot determine whether that document complied with Federal Rule of Civil Procedure 45, which governs nonparty subpoenas and document requests. Rule 45 contains very specific content and process requirements for nonparty subpoenas, and without the document, the Court is unable to assess whether Plaintiff met those requirements in issuing the subpoena to Dr. Caruana. Similarly, Rule 45 contains exacting requirements for parties seeking to object to a nonparty subpoena, and it does not appear that Defendants have complied with those requirements.

Either way, there is a deeper problem with Plaintiff's discovery request, as discussed below, in that it seeks information that is either irrelevant or already in Plaintiff's possession. Accordingly, despite the procedural difficulties both sides have run into in pursuing and objecting to the Dr. Caruana discovery, the Court considers whether the discovery is appropriate under the Court's inherent authority and discretion to manage discovery. *See* Fed. R. Civ. P. 26(b)(2)(C).

  B. <u>Waiver</u>

Plaintiff argues that Defendants waived their objections to the discovery requests because they failed to object when Plaintiff's counsel sent Defendants' counsel the proposed requests in May 2016. As mentioned, Plaintiff's counsel served the requests on Dr. Caruana on May 13, 2016. The document required Dr. Caruana to respond to the requests within thirty days. Dr. Caruana apparently never did so, and it does not appear that Plaintiff's counsel made any further attempts to get the documents from Dr. Caruana until almost a year later. On April 19, 2017, Plaintiff's counsel sent Dr. Caruana a letter, asking him to turn over the requested documents by May 5, 2017. This letter apparently triggered the

filing of Defendants' Motion to Quash.

The Court has broad discretion in managing discovery and "in unusual circumstances, . . . for good cause, [the Court] can consider untimely objections to requests for production whether served under Rule 34 or 45." *Will Ferguson & Assocs. v. Travelers Indem. Co. of Am.*, No. 12-822, 2012 WL 12868854 (D. N.M. Dec. 4, 2012). The issues now before the Court arise under unusual circumstances. It is not clear why Plaintiffs waited almost a year to press Dr. Caruana for the sought after discovery. It appears that the parties simply forgot about the requests until months after the response deadline, when Plaintiff mentioned them in a footnote in her previous Motion to Compel.

Furthermore, as mentioned, the Court may "[o]n motion *or on its own*, . . . limit the frequency or extent of discovery" where a party seeks irrelevant or duplicative information. Fed. R. Civ. P. 26(C)(i), (iii) (emphasis added). Accordingly, even if Defendants waived their arguments by delay, the Court may, on its own, prevent irrelevant or duplicative discovery under Rule 26.

C. Relevance

The root of Plaintiff's discrimination claim is that she was treated differently than her male counterparts – treated differently by Defendant Schererville Police Department, *not* by nonparty Dr. Caruana. The Complaint alleges that the Department refers officers to Dr. Caruana for evaluation, and Dr. Caruana sends the Department a report or recommendation of some sort after meeting with the officers. The Department apparently relied on this information in determining whether and when to place an officer on leave.

Consequently, Dr. Caruana's records are relevant to Plaintiff's discrimination claim only to the extent Dr. Caruana actually sent them to the Police Department. If Dr. Caruana prepared similar reports for both Plaintiff and the male officers, but Plaintiff was treated differently, that might support Plaintiff's claim of discrimination. Documents in Dr. Caruana's exclusive possession, though, do not

4

have a similar effect. The Department never received those records, so they could not have relied on them in making employment and disciplinary decisions, and Plaintiff cannot use those privately kept documents to support her claim that the Department discriminated against her.

The Court already ordered the Police Department to turn over any documents in its possession that concern psychological evaluations for Officers Djukic, Myszak, and Aravanitis, including any documents from Dr. Caruana. As a result, Plaintiff already has in her possession the only relevant documents she might retrieve through her Request for Production of Documents to a Non-Party and Subpoena Duces Tecum, so that discovery is duplicative and, as discussed, irrelevant. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

**IV.  Conclusion**

For the foregoing reasons the Court **GRANTS but for relief different than requested** the Motion to Quash Nonparty Request for Production and Subpoena Duces Tecum [DE 87] and **ORDERS** that Dr. Caruana need not provide Plaintiff with the documents requested in the Nonparty Request for Production and Subpoena Duces Tecum.

SO ORDERED this 19th day of May, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record